EASTON *et al. v.* HOUSTON & T. C. RY. Co. *et al.*, (LUNDIEN, Intervenor.)

*(Circuit Court, E. D. Texas.* June 13, 1889.)

MASTER AND SERVANT—DANGEROUS EMPLOYMENT—ASSUMPTION OF RISK.
    Where an employé knows of the hazardous character of the work which he undertakes, and is injured by an accident which could not be foreseen by his employer, the latter is not liable in damages.

In Equity. Exceptions to master's report. Intervention of John Lundien. Petition for damages for personal injuries to employé.

*John Dowell,* for intervenor.
*Baker & Holt,* for receivers.
Before LAMAR, Justice, and PARDEE, J.

PER CURIAM. In this case we have carefully examined and considered the evidence, and have also duly considered the arguments made in support of the exceptions to the master's report. Our conclusion is that none of the exceptions are well taken. The nature of the intervenor's employment, as one of the bridge gang, to make repairs of railroad bridges, and the character of the work assigned this gang at the time of the accident, to-wit, the pulling down of an elevated water-tank, was a sufficient notice to the intervenor that the kind and quality of work which he had undertaken to do as an employé of the receiver was of a hazardous, if not positively dangerous, character. The intervenor seems to have met his injury by an accident which could not have been foreseen by the receivers, and, if it could have been foreseen at all, it was only by himself and the other members of his gang, fellow-servants of his. The evidence does not show that the pile of old scrap-iron, lying near the foundation of the tank and the railroad track cut any figure in the matter.

Conceding for this case, and this case only, that the relation between the receivers and the surgeons who conduct and carry on the railway hospital was that of master and servant, the weight of evidence is very strongly against the claim of intervenor's of malpractice in the surgical treatment he received. The nature of the fracture was such that it seems to have been impossible to have otherwise properly treated it than by amputation. Amputation, finally resorted to, was long postponed by the surgeons, at the earnest entreaties of intervenor himself.

We notice in the evidence that the intervenor was offered half pay, at the rate of his regular wages when employed, on condition that he would waive all claims against the receiver for damages. If, under the rules of the company, a person injured as intervenor was, was entitled to receive wages for the time lost during his treatment and residence in the hospital, we think it should have been given him without exacting a release of any right he may have had to apply to the court. The following decree will be entered in the case:

v.39F.no.2—5

DECREE.

This cause came on to be further heard on the exceptions to the master's report, and was argued, whereupon,. and for the foregoing reasons, it is ordered, adjudged, and decreed that the exceptions to the master's report be overruled, and that the said master's report be, and the same is hereby, confirmed. It is further ordered, adjudged, and decreed that on demand of John Lundien, intervenor herein, the receiver in this case do pay to him, from the earnings of the railway property in his possession, the sum of $347.20, being the amount of regular wages of the said John Lundien during and from the time he received his injury until the day he was discharged from the hospital.